| | |
|---|---|
| FRED CARTWRIGHT,<br><br>      Plaintiff,<br><br>      v.<br><br>SILVER CROSS HOSPITAL and<br>CROTHALL HEALTH CARE, INC.,<br>et al.,<br><br>      Defendants. | Case No. 15-cv-6759<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fred Cartwright sued his former employers Silver Cross Hospital and Crothall Health Care, Inc., for age discrimination, race discrimination, unlawful retaliation, sex or gender discrimination, and a hostile work environment. [55]. He brings his claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) *et seq.*; 42 U.S.C. § 1981; and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq. Id.* This opinion addresses Defendants' motion for partial summary judgment on Plaintiff's sex and gender discrimination claims, and related hostile work environment claim. [92]. For the reasons explained below, this Court grants Defendants' motion.

### I. Background

The following facts come from Defendants' Local Rule 56.1 statement of undisputed material facts [95]. Plaintiff failed to submit a statement of additional material facts, nor did he provide any response to Defendants' statement of facts.

*See* [113]. This Court has broad discretion to enforce the local rules governing summary judgment motions. *See, e.g.*, *Benuzzi v. Bd. of Educ. of City of Chi.*, 647 F.3d 652, 655 (7th Cir. 2011). When the non-moving party fails to respond to the moving party's statement of facts, courts deem the statement of facts admitted. *See* L.R. 56.1(b)(3)(C); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Although this Court takes into account Plaintiff's pro se status, even pro se litigants "must follow the rules of civil procedure." *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Accordingly, this Court deems Defendants' statements of fact admitted and relies upon their version of events "to the extent that it is supported by evidence in the record." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); *see also Sherrill v. Potter*, No. 06-c-4120, 2008 WL 4086980, at *1–2 (N.D. Ill. Aug. 25, 2008) (deeming the defendant's statement of facts admitted where pro se plaintiff "did not even attempt to respond"), *aff'd*, 329 F. App'x 672, 676 (7th Cir. 2009).

Plaintiff began working for Silver Cross Hospital (SCH) in November 2008. [95] ¶ 11. At that time, he worked as a technician in SCH's Environmental Services Department (EVS), reporting to Cynthia Crosby and performing general housekeeping and janitorial tasks. *See id.* ¶¶ 11–12, 14; [94] at 2. Crosby reported to Josh Perryman, a manager, who reported to Dan Thomas, the director of EVS, who ultimately answered to Geoff Tryon, an SCH vice president responsible for overseeing EVS. [95] ¶ 13. Perryman and Thomas were employees of Crothall Health Care, Inc., which provided management services for EVS during Plaintiff's

2

tenure there. *Id.* ¶¶ 3, 13.

In May 2010, Plaintiff transferred from EVS to the Sterile Processing Department (SPD), where his job required him to decontaminate and prepare supplies related to surgeries. *Id.* ¶¶ 15–16. In that role, Plaintiff reported to James Tyrell, and the Department was supervised by Mary Bakken, an executive vice president with SCH. *Id.* ¶¶ 17. Two women worked with Plaintiff at the SPD: Debbie Olha and Christine Talerico. *See id.* ¶¶ 18–19. According to Defendants, Olha and Talerico were neither managers, supervisors, nor "leads." *See id.* Defendants acknowledge, however, that because of their level of experience Olha helped train other SPD employees and Talerico provided "some oversight over SPD procedures." *Id.* Plaintiff argues—without evidentiary support—that Talerico served as the SPD's "Director Manager," while Olha was Plaintiff's "shift supervisor." [113] at 2–3. Plaintiff's specific allegations of sex or gender discrimination all relate to Olha's conduct. *See* [55] ¶¶ 11, 19.

In July 2011, Plaintiff received a written warning from Tyrell after he "put a sterilized tray incorrectly back into the sterilizer." [95] ¶ 20. Plaintiff signed a written acknowledgement of the warning, taking full responsibility for the error. *See id.* On August 8, 2011, Plaintiff transferred back to EVS. *Id.* ¶ 21. Upon his return to EVS, Plaintiff reported to the same chain of command in place during his first stint there (namely, Crosby, Perryman, Thomas, and Tryon). *See id.* ¶ 22. Plaintiff remained at EVS for the rest of his tenure with SCH. *See id.* ¶¶ 22, 25–27.

From January 2014 to April 2014, Plaintiff took a medical leave of absence.

3

*See id.* ¶¶ 23–25. In mid-April, SCH's worker's compensation administrator notified Plaintiff that SCH had received a return-to-work authorization from Plaintiff's doctor. *Id.* ¶ 25. Plaintiff did not return to work despite numerous follow-up letters, and SCH terminated him effective June 6, 2014. *Id.* ¶¶ 25–27.

On February 28, 2014, Plaintiff filed a discrimination charge against SCH with the Equal Employment Opportunity Commission (EEOC) for race, sex, and age discrimination, and wrongful retaliation. *Id.* ¶ 4; [95-2] at 20. Plaintiff filed a discrimination charge against Crothall Health Care with the EEOC in June 2014 for race, sex, and age discrimination, and wrongful retaliation. [95] ¶ 5; [95-3] at 5. Plaintiff received his Right-to-Sue Letter from the EEOC in May 2015. [95] ¶ 6.

Plaintiff initiated this suit in August 2015. [1]. He amended his complaint in October 2016. [55]. This Court recruited counsel to assist Plaintiff in June 2016, [51], and again in December 2016, upon granting first recruited counsel's motion to withdraw, [65]. Defendants moved for partial summary judgment in November 2017. [92]. While that motion was pending, Plaintiff's new counsel moved to withdraw due to substantial disagreements over litigation strategy, and this Court granted the motion. *See* [111]. At that time, this Court asked Plaintiff in open court whether he was prepared to respond to the pending motion for partial summary judgment, and Plaintiff answered that he was. Plaintiff timely filed his response, *see* [113], and Defendants filed their reply in March 2018, [114].

## II. Legal Standard

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

4

56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether a genuine issue of material fact exists, this Court construes all facts and reasonable inferences in the light most favorable to the non-moving party. *See CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014). The non-moving party has the burden of identifying the evidence creating an issue of fact. *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). To satisfy that burden, the non-moving party must do more than create "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, "there must be evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252. The moving party is entitled to summary judgment where the non-moving party fails to establish an "essential element" of the case for which that party has the burden of proof. *Celotex Corp.*, 477 U.S. at 323.

## III. Analysis

Defendants seek summary judgment on Plaintiff's Title VII sex and/or gender discrimination claims and related hostile work environment claim on the grounds that they are time-barred. *See* [94] at 1, 4.[1] Plaintiff contends that he has sufficient

---

[1] Plaintiff's complaint states that he brings his claims under Title VII, § 1981, and the ADEA, but Plaintiff does not separate his allegations by the claimed statutory violation. *See generally* [55].

5

evidence to support his claims, and that the continuing violation doctrine renders them timely. *See* [113] at 2–4.

In Illinois, plaintiffs must file Title VII discrimination charges with the EEOC within 300 days of their employer's alleged misconduct. *See Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014) (citing 42 U.S.C. § 2000e–5(e)(1); *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980)). That clock begins running from the date of the employer's discrete acts. *Id.* An exception applies where the alleged misconduct does not consist of discrete acts but presents a "continuing" or "cumulative" violation. *Id.*; *see also Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009). A hostile work environment claim will often fall within the scope of the continuing violation doctrine, since by their nature such claims generally arise from "the cumulative effect of individual acts." *Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 724 (7th Cir. 2004) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)). That said, some related "hostile action" must occur within the limitations period to sustain such claims. *Id.*

Here, Plaintiff filed EEOC charges on February 28, 2014 (against SCH) and June 24, 2014 (against Crothall Health Care). [95] ¶¶ 4, 5. Thus, Plaintiff's claims against SCH must connect to events after May 4, 2013, and his claims against Crothall to events after August 28, 2013. *See Bass*, 746 F.3d at 839. Specifically, Plaintiff's allegations of discrete acts of sex discrimination must occur within the

---

Defendants do not specify which claims their motion for partial summary judgment addresses, although they confine their analysis to Title VII's statute of limitations. *See generally* [92, 94]. Based upon their briefing, and the fact that neither the ADEA nor § 1981 reach sex discrimination, *see, e.g.*, *Perez v. Norwegian-Am. Hosp.*, 93 F. App'x 910, 913 n.1 (7th Cir. 2004), this opinion addresses only Plaintiff's Title VII claims for sex or gender discrimination.

limitations period, while his related hostile work environment claim must demonstrate a sufficient connection between events within and without the period such that they form "a single course of conduct." *Lucas*, 367 F.3d at 727 (quoting *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 708 (7th Cir. 2002)).

Plaintiff describes a number of discrete acts of sex or gender discrimination that occurred while he worked in the SPD and also generally alleges that Defendants subjected him to a hostile work environment based upon his race, gender, and age. *See* [55] ¶¶ 11, 19. Plaintiff worked in the SPD only from May to August 2011, well outside the limitations period set by his 2014 EEOC filings. *See* [95] ¶¶ 15, 21. Plaintiff does not allege any discrete acts of sex or gender discrimination outside of his stint in the SPD. Thus, his sex discrimination claims consist entirely of time-barred discrete actions, and this Court grants summary judgment to Defendants on those claims. *See Bass*, 746 F.3d at 839–40.

Plaintiff's hostile work environment claim for sex discrimination is likewise barred. First, Plaintiff describes no acts relating specifically to sex or gender discrimination that occurred within the limitations period—that is, some date after May 4, 2013 for his claims against SCH, and after August 28, 2013, for his claims against Crothall. *See generally* [55]; [95-4]; [113]. This presents a threshold bar to finding Plaintiff's claim to be timely. *See Lucas*, 367 F.3d at 724–25.

Further, Plaintiff fails to connect the alleged sex discrimination in the SPD to any related actions by Defendant within the limitations period. *See* [113]; [95-4] at 9–11. To comprise a "single course of conduct"—and thus fall under the continuing

7

violation doctrine—Plaintiff must demonstrate a nexus between the alleged acts supporting his hostile work environment claim. *See Lucas*, 367 F.3d at 724–27; *Tinner*, 308 F.3d at 708–09. In assessing that nexus, courts examine similarities between the challenged employment actions, look for the involvement of similar personnel, and consider any gap in time between the alleged discriminatory acts. *See Miller v. Ill. Dep't of Corr.*, No. 08-c-50248, 2011 WL 1120270, at *5 (N.D. Ill. Mar. 24, 2011) (citing *Morgan*, 536 U.S. at 120; *Lucas*, 367 F.3d at 727).

Here, Plaintiff worked for and with entirely distinct personnel in the SPD and at EVS. *See* [95] ¶¶ 11–13, 17–19. His discrimination allegations for the period after May 2013 concern race discrimination, occurred two years after his time in the SPD, and share no similarities with the conduct forming the basis of his sex discrimination claim. *See* [55] ¶¶ 11, 12–18; *Selan v. Kiley*, 969 F.2d 560, 567 (7th Cir. 1992) (discussing factors that support similarity and finding that a two-year gap between employer's actions militated against finding a continuing violation). Lacking any evidence or developed argument connecting Plaintiff's hostile working environment claim to events within the limitations period, that claim remains time-barred. *See Lucas*, 367 F.3d at 724, 727.

This Court notes Plaintiff's disagreement with certain of Defendants' statements of fact. *See* [113] at 2–3. Even if Plaintiff had supported his position with admissible evidence, the "false statements" that he identifies—such as Olha's precise job title—are not material to this Court's decision and thus do not bar summary judgment. *See Anderson*, 477 U.S. at 248.

Finally, this Court cannot, of course, consider evidence outside the record. Thus, although Plaintiff refers to unnamed documents that he "will provide to the Court," *see* [113] at 4, such references do not constitute evidence and cannot affect this Court's ruling at summary judgment, *see, e.g.*, *Winskunas v. Birnbaum*, 23 F.3d 1264, 1267 (7th Cir. 1994) (to ward off summary judgment, the plaintiff must "present evidence of evidentiary quality") (citing Fed R. Civ. P. 56; *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)). Summary judgment is the "'put up or shut up' moment in a lawsuit." *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999). At this stage, Plaintiff had to "present record evidence sufficient to create a genuine dispute of material fact" that Defendants indeed discriminated against him on the basis of sex and created a hostile work environment. *Id*. He has not done so. Accordingly, this Court grants summary judgment to Defendants on Plaintiff's claim for sex or gender discrimination, and related hostile work environment claim. *See id*.

**IV. Conclusion**

This Court grants Defendants' motion for partial summary judgment [92] as to Plaintiff's sex and gender discrimination claims, as well as his hostile work environment claim for sex and gender discrimination.

Dated: April 30, 2018

                                          Entered:

                                          John Robert Blakey
                                          United States District Judge