**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Fred Cartwright, ) | |
| ) | Case No. 15-cv-06759 |
| Plaintiff, ) | |
| ) | Hon. Judge John Robert Blakey |
| v. ) | |
| ) | |
| Silver Cross Hospital and ) | |
| Crothall Health Care, Inc. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS AS A SANCTION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(D)**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Silver Cross Hospital ("SCH") and Crothall Healthcare, Inc. ("Crothall") (collectively, "Defendants") hereby move to dismiss Plaintiff Fred Cartwright's ("Plaintiff's") First Amended Complaint as a result of his willful and bad faith failure to appear for a properly-noticed deposition and for failure comply with this Court's Orders.  In support of this motion, Defendants state as follows.

**INTRODUCTION**

Since discovery in this matter commenced nearly two and a half years ago, this case has been plagued by Plaintiff's failure to cooperate during discovery, to abide by court orders and deadlines and generally to litigate his claims in a good faith manner.  In keeping with this pattern of non-compliance, on the day before his properly-noticed and jointly-scheduled deposition, Plaintiff (via his fifth court-appointed counsel) notified Defendants that he would not appear for his deposition without providing any explanation whatsoever.  Plaintiff's unjustified refusal to sit for his deposition, together with his history of defying court orders and directives, is clear evidence of bad faith and willful conduct that warrants dismissal of his claims with prejudice

1

pursuant to Federal Rule of Civil Procedure 37(d).

Both Defendants and this Court have been exceedingly accommodating and exceedingly patient with Plaintiff throughout this litigation. Plaintiff has been continually permitted, without suffering any sanction or penalty, to defy court orders, to ignore filing deadlines, and to disregard his discovery obligations – all of which has resulted in unnecessary delays and has frustrated Defendants' ability to mount a full and fair defense to his claims. During this time, moreover, Plaintiff has enjoyed the assistance of five pro bono attorneys, four of whom have withdrawn as a result of fundamental disagreements over case strategy. Perhaps most egregiously, Plaintiff promised this Court, as a condition for receiving his fifth pro bono counsel, that he would cooperate in good faith with any newly-appointed attorney. In light of Plaintiff's most recent actions, it appears he has not made good on these assurances.

At some point, enough is enough, and the substantial leeway and countless second chances that Plaintiff has been afforded must come to end. Plaintiff has been warned by this Court that dismissal is a potential sanction for failing to appear at court hearings (Dkt. #129), and there is no doubt that Plaintiff (who was represented by his fifth pro bono attorney at the time) was aware of the potential consequences of his unjustified failure to sit for a properly-noticed and previously agreed-upon deposition. Although dismissal is a harsh sanction, it a reasonable and proportionate response to Plaintiff's repeatedly uncooperative and inexcusable conduct in this case. For these reasons and for all of the reasons set forth herein, Defendants request the Court dismiss Plaintiff's Amended Complaint with prejudice as a sanction pursuant to Federal Rule of Civil Procedure 37(d).

## RELEVANT PROCEDURAL HISTORY

### I. The Parties' Initial Pleadings

On June 24, 2014, Plaintiff filed a *pro se* Complaint against SCH and Crothall asserting broad claims of age, sex, and race discrimination and retaliation. (Dkt. # 1.) Defendants filed their respective answers, and the Court appointed Plaintiff his first legal counsel on June 30, 2016. (Dkt. #18, 20, 26.) Thereafter, on October 14, 2016, Plaintiff filed his First Amended Complaint against SCH and Crothall, adding new allegations of harassment and hostile work environment. (Dkt. # 55.)

## II.     Plaintiff Refuses To Cooperate During Discovery And Comply With This Court's Orders

On or around March 11, 2016, SCH served its first set of written discovery requests upon Plaintiff, thereby commencing a discovery process that - over two a half years later - remains unfinished and ongoing largely due to Plaintiff's refusal to cooperate or take reasonable discovery positions. Notably, during the majority of this two and a half year period, Plaintiff has enjoyed the assistance of five separate pro bono attorneys. (Dkt. # 26, 53, 66, 68, 152). Pertinent to this motion, the following events have transpired in this matter:

- By July 2017, the parties had exchanged written discovery requests and responses. Plaintiff's responses, however, failed to comply with the Federal Rules of Civil Procedure, most notably by identifying over 70 witnesses with knowledge and by providing the same, generic description of their knowledge instead of specific information as to the facts and events each individual allegedly witnessed.

- On August 8, 2017, Defendants noticed Plaintiff's deposition (*see* Exhibit A), but the parties agreed to put oral discovery on hold until outstanding issues with respect to written discovery were resolved (including the issues surrounding Plaintiff's 70-person witness list in his interrogatories);

- The parties proceeded to meet and confer, but Plaintiff refused to narrow his witness list or provide a more definitive statement of each witness' knowledge. As a result, SCH filed its First Motion to Compel discovery on December 7, 2017 (Dkt. #100), which this Court denied as moot following additional conferences between counsel. (Dkt. # 102)

- On or around February 8, 2018, Plaintiff's second appointed legal counsel withdrew, (Dkt. # 111), and SCH met and conferred with Plaintiff multiple times regarding his outstanding discovery responses. Despite promising SCH that he would serve

supplemental responses, he failed to do so.

- As a result, SCH filed its Second Motion to Compel on April 26, 2018. (Dkt. # 115.) On April 30, 2018, the Court granted Defendants' Motion for Partial Summary Judgment. (Dkt. # 118.) At that time, the Court ordered Plaintiff to file a response to SCH's Second Motion to Compel on or before May 11, 2018. (*Id.*)

- Rather than respond to SCH's Second Motion to Compel, Plaintiff filed a response to the Court's Order granting Defendants' Motion for Partial Summary Judgment on May 9, 2018. (Dkt. # 120, 121.) The Court construed Plaintiff's filing as a motion for reconsideration and denied Plaintiff's Motion on May 10, 2018. (Dkt. # 123.)

In its May 10, 2018 Order, the Court provided a detailed summary of its efforts to obtain legal assistance for Plaintiff, grant him extensions, and generally accommodate him throughout this litigation:

> ***At this point in the matter, Plaintiff has already received the benefit of four pro bono attorneys recruited by this Court.*** All have spent long hours advising and helping Plaintiff, but not to his apparent liking. In June 2016, this Court gave Plaintiff a free attorney who provided substantial assistance to Plaintiff (including but not limited to the drafting and filing of a first amended complaint), but this counsel was later forced to withdraw because of the Plaintiff's "fundamentally incompatible" opinions on the manner of presenting the case. ***After that attorney left in December 2016, this Court specifically warned Plaintiff that the new recruitment would be "the final recruitment of counsel and no further request for recruitment will be granted."*** Plaintiff next enjoyed the professional services of a litigation partner (and his two associate attorneys) who worked unsuccessfully to achieve a fair settlement of the case during a conference with this Court. Even though no settlement was reached, recruited counsel's performance on Plaintiff's behalf was superior; and he and his two associates then litigated and resolved discovery matters and motions for Plaintiff, and obtained needed extensions of the discovery schedule over the next 14 months of representation. After his lawyers spent in excess of 530 hours pursuing this matter for him without charge, Plaintiff once again had more "substantial disagreements" about case strategy, which, despite the good faith efforts of counsel, could not be reconciled. ***At the hearing on counsels' motion to withdraw, the Court advised Plaintiff again that, having already gone through multiple free attorneys, he would not get another recruited attorney at this time. This Court further gave Plaintiff ample time to secure his own counsel, but he did not secure counsel for himself. The Court also gave Plaintiff an extended period of time to respond to Defendants' motion for partial summary judgment*** and, indeed, Plaintiff represented in open court on 2/8/18 that he was fully prepared to respond by the deadline set by the Court.

Dkt #123 (emphasis added). In that same Order, the Court again directed Plaintiff to file a

4

response to SCH's Second Motion to Compel by May 11, 2018 and ordered Plaintiff to appear at the next status hearing on May 23, 2018. (*Id.*)

Plaintiff, however, persisted in his pattern of noncompliance with this Court's discovery orders and rulings. Specifically:

- Despite two Court Orders, Plaintiff did not file a response to SCH's Second Motion to Compel. On May 15, 2018, the Court granted SCH's Second Motion to Compel. (Dkt. # 124.) The Court reiterated in that Order that the parties were to appear for a status hearing on May 23, 2018. (*Id.*)

- On May 21, 2018, Plaintiff filed a series of motions to alter the judgment with the Court. (Dkt. # 125-28.) In his filings, Plaintiff did not address SCH's Second Motion to Compel or his outstanding supplemental discovery responses. (*Id.*).

- Pursuant to the Court's order, Defendants attended a May 23, 2018 status hearing. (Dkt. # 129.) Plaintiff failed to appear and did not answer his phone when the Court attempted to call him. (*Id.*) *Following that hearing, the Court ordered Plaintiff to appear at the next hearing and warned that any future failure to appear may result in a dismissal for want of prosecution* (*Id.*).

To date, Plaintiff has not complied with this Court's order to supplement his interrogatory answers. Plaintiff has not provided Defendants (and, to Defendants' knowledge, the Court) with any reason, justifiable or otherwise, for his failure to attend the May 23, 2018 status hearing or to supplement his answers.

### III. Plaintiff Receives New Appointed Counsel But Continues To Refuse To Cooperate With Discovery And Fails To Appear For A Noticed Deposition

As noted above, in late May 2018, Plaintiff filed a series of motions and responses with the Court, (Dkt. #125, 126, 127, 128, 130, 132, 134, 136), which (among other things) challenged the Court's prior orders allowing recruited counsel to withdraw from the case and granting partial summary judgment in Defendants' favor. During that same time frame (on May 30, 2018), Defendants moved to dismiss Plaintiff's amended complaint for lack of prosecution (Dkt. #138).

On May 30, 2018, the Court entered an Order addressing Plaintiff's various filings. (Dkt.

#140). In that Order, the Court noted that it "has bent over backwards to give Plaintiff every opportunity to pursue his claims" and that it had "recruited counsel to represent Plaintiff on multiple occasions." *Id.* Although the Court had warned Plaintiff on several prior occasions that no further requests for appointed counsel would be granted (Dkt. #65, 123), the Court nonetheless agreed to appoint new counsel for Plaintiff (his fifth in this matter), provided that:

> Plaintiff . . . make[s] assurances that he will work with recruited counsel in good-faith, even when counsel disagrees with Plaintiff on a point of law or a matter of trial strategy. If Plaintiff is able to make such assurances at the next status hearing, this Court remains inclined to grant Plaintiff yet another (and final) opportunity to enjoy the professional assistance of recruited counsel.

(Dkt. #140). At a hearing on May 31, 2018, Plaintiff appeared via phone and assured the Court "he will make a good faith effort to cooperate with any new attorney recruited for him;" as such, the Court appointed new pro bono counsel and continued Defendants' motion to dismiss. (*Id.*)

In July 2018, Plaintiff received his fifth appointed counsel in this case (Dkt. #151, 152),[1] and after allowing Plaintiff's new counsel time to familiarize herself with the case, the parties met and conferred to schedule dates for depositions. On August 31, 2018, the parties agreed to a schedule that set dates for six depositions, including Plaintiff's deposition for October 2, 2018 and October 3, 2018.[2] *See* Exhibit B. After coordinating with and obtaining approval from the Court to conduct Plaintiff's deposition at the federal courthouse, SCH served its deposition notice. *See* Exhibit C.

On September 12, 2018, the parties appeared for a status hearing and informed the Court that they had agreed to dates for several depositions. The Court then entered a case management

---

[1] Technically, this was Plaintiff's sixth pro bono attorney, as a previous appointed counsel withdrew as a result of a conflict. (Dkt. # 145, 146).

[2] Per prior order in this case (Dkt. #41), the parties were to conduct Plaintiff's deposition over a period of two days, with each day limited to five hours inclusive of breaks.

order, which set fact discovery to close on October 31, 2018 and which set various additional case deadlines going forward. (Dkt. #160). The Court also denied Defendant's Motion to Dismiss for lack of prosecution as moot. *Id.* Counsel for SCH then proceeded to prepare for Plaintiff's scheduled deposition, expending over 50 hours in doing so.

On October 1, 2018, on the eve of Plaintiff's duly noticed deposition, counsel for Plaintiff notified counsel for Defendants that Plaintiff would not appear for his deposition and that she would be moving to withdraw. *See* Exhibit D. Plaintiff's counsel did not provide a reason for Plaintiff's refusal to appear for his noticed deposition. On October 2, 2018, Plaintiff's counsel filed a motion to withdraw as a result of "substantial disagreements" with Plaintiff regarding litigation strategy and an inability to "reconcile their differences." Dkt. #162 at 2. The motion to withdraw hearing is set for October 10, 2018. Dkt. #163.

## ARGUMENT

Federal Rule of Civil Procedure 37(d) empowers this Court to levy sanctions, including dismissal of the action, if a party "fails, after being served with proper notice, to appear for that person's deposition." Fed R. Civ. P. 37(d)(1)(A); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v) (setting out penalties for non-compliance, including dismissal of action). "[T]o dismiss a case as a sanction for discovery abuse the court must only find that the party's actions displayed willfulness, bad faith, or fault." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). Here, Plaintiff's unjustified failure to attend his properly-noticed deposition, coupled with his history of non-compliance and his repeated, abject refusal to follow Court orders, is clear evidence of bad faith and willful conduct that warrants the "harsh" sanction of dismissal. *Id.*

I.    **Plaintiff's Refusal To Appear At His Duly Noticed Deposition Was Willful, In Bad Faith, and Justifies Dismissal**

The Seventh Circuit has held that a party's failure to sit for his deposition can result in a

Rule 37 dismissal of his case. *See Collins*, 554 F.3d at 696-97 (affirming dismissal where plaintiff appeared for but then walked out of her deposition without providing any legitimate reason for doing so); *Simons v. Fox*, 725 F. App'x 402, 404 (7th Cir. 2018) (dismissing litigant's counterclaims for failing to sit for depositions and comply with discovery orders); *see also Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x 909, 914 (11th Cir. 2010) (Rule 37(d) dismissal was proper where plaintiff failure to attend his noticed deposition and had prior discovery violations); *Piggee v. Columbia Sussex Corp.*, No. 2:08-cv-107-PPS, 2013 U.S. Dist. LEXIS 22689, at *7-9 (N.D. Ind. Feb. 15, 2013) (dismissing case under Rule 37 where plaintiffs failed to show up for duly-noticed depositions).

Here, Plaintiff did not appear for his properly noticed deposition (of which he had at least two weeks'—if not one months'—prior notice), and he provided no reason whatsoever for his failure to appear. Indeed, when his attorney notified Defendants of this development, she merely communicated that Plaintiff "will not be proceeding with his deposition tomorrow" and provided no explanation for his refusal to attend. *See* Exhibit D. Presumably, if Plaintiff had some kind of legitimate justification or conflict that precluded him from appearing, he would have conveyed as much and offered to reschedule. It can thus be reasonably inferred that Plaintiff's failure to appear was willful and in bad faith. *See, e.g.*, *Pendell v. City of Peoria*, 799 F.3d 916, 917-18 (7th Cir. 2015) (affirming dismissal of case in which district court found that plaintiff "willfully" failed to appear for rescheduled deposition that her attorney informed her about).

Plaintiff, moreover, cannot plausibly claim that he was unaware of the potential consequences of his non-attendance. At the time, Plaintiff was represented by counsel, who presumably informed him that dismissal was a potential sanction for refusal to attend a noticed deposition. In addition, Plaintiff has been warned by this Court that failure to appear at hearings

may result in the dismissal of his claims.  *See* Dkt. #129.  And, Defendants had moved (albeit unsuccessfully) to dismiss as a sanction for want of prosecution.  *See* Dkt. #138.  There can be little doubt that Plaintiff understood that dismissal was an available sanction for this kind of willful non-compliance.

## II.     Dismissal Is Warranted In Light Of Plaintiff's History of Non-Compliance

Plaintiff's eleventh-hour refusal to be deposed is simply another instance in a long pattern of disregard for Court orders and discovery rules.  As detailed above, discovery has been ongoing for over two and a half years in this matter, during which time Plaintiff has repeatedly refused to comply with court orders and has engaged in recurrent, dilatory conduct.  Specifically:

- Plaintiff has continually refused to narrow or otherwise provide more detailed information with respect to the more than 70 witnesses he identified in his answers to interrogatories, despite multiple efforts to meet and confer regarding this topic;

- As a result, Defendants were forced to file two separate Motions to Compel in order to obtain supplemental interrogatory responses, the second of which was granted on May 15, 2018;

- Plaintiff still has not supplemented or narrowed the witness list in his interrogatory answers despite being under Court order to do so ***for nearly five months at this point***; and

- Plaintiff has time and again defied Court orders directing him to appear at hearings, to comply with discovery and to respond to motions within prescribed deadlines.

Plaintiff's history of non-compliance and delay tactics, together with his failure to sit for a deposition, warrants dismissal of this action.  *See Collins*, 554 F.3d at 697 (affirming dismissal where in addition to failure to appear for deposition, record revealed a pattern of noncompliance, including failure to timely respond to discovery); *Simons*, 725 F. App'x at 404 (dismissing litigant's counterclaims for failing to sit for depositions and comply with discovery orders); *see also Piggee*, 2013 U.S. Dist. LEXIS 22689, at *7-9 (dismissal for failure to appear at deposition further justified in light of plaintiff's history of non-compliance).

This Court, moreover, has afforded Plaintiff numerous second chances and ample opportunities to conduct himself in a reasonable and good faith manner. Indeed, this Court "has bent over backwards to give Plaintiff every opportunity to pursue his claims" (Dkt. #140) and has provided Plaintiff with the benefit of five different pro bono attorneys, four of whom have withdrawn as a result of irreconcilable differences or substantial disagreements over litigation strategy. Dkt. #63, 106, 108, 162. As evidenced by his most recent attorney's request to withdraw, Plaintiff has breached his promise to this Court that he would make a good faith effort to cooperate with and abide by the advice and counsel offered by his attorney—including, presumably, advice on one of the most essential and fundamental aspects of litigation: attending his own deposition.

Finally, as this Court previously observed in its May 10, 2018 Order, Defendants "would be prejudiced by any further unwarranted delays." Dkt. # 123. Five months later, this observation still stands. It has been five years since that events at issue in this lawsuit occurred, and over four years since this lawsuit was filed, during which time witness memories have undeniably deteriorated. In addition, less than ten days before the final discovery status hearing and less than thirty days before discovery closes in this matter, Plaintiff refused to attend his duly-noticed deposition, thereby delaying and disrupting the parties' agreed-upon deposition schedule and the case management schedule going forward. Plaintiff, moreover, has frustrated Defendant's ability to mount a full defense by his continued refusal to narrow or otherwise supplement with more specific information the witness list in his interrogatories. Defendants have only 7 hours to depose Plaintiff under the federal rules and cannot possibly ask Plaintiff about each of these witnesses while also having adequate time to explore the basis of his claims.

Plaintiff's discovery abuses, delay tactics and broken promises - all of which culminated

in his refusal to attend a properly-noticed deposition - clearly and convincingly demonstrate willfulness, bad faith and/or fault on his part. The Court should dismiss his claims accordingly.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request, pursuant to Federal Rule of Civil Procedure 37, that this Court dismiss Plaintiff's First Amended Complaint with prejudice for his willful and bad faith failure to attend his properly-noticed deposition.

**DATED:** October 5, 2018

Respectfully Submitted by:

/s/ Alexis Hawley
Alexis Hawley (ARDC # 6299989)
Arthur Rooney (ARDC# 6275793)
Baker & McKenzie LLP
300 E Randolph Street
Suite 5000
Chicago, IL 60601
(312) 861 8000
alexis.hawley@bakermckenzie.com
arthur.rooney@bakermckenzie.com

*Attorneys for Defendant Silver Cross Hospital*

/s/ Misty R. Martin

Misty R. Martin (ARDC# 6284999)
Noah A. Finkel (ARDC# 6224910)
Seyfarth Shaw LLP
233 S. Wacker Drive
Suite 8000
Chicago, IL 60603
(312) 460-5000
mrmartin@seyfarth.com
nfinkel@seyfarth.com

*Attorneys for Defendant Crothall Health Care, Inc.*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of October, 2018, I electronically filed the foregoing

DEFENDANTS' MOTION TO DISMISS.  Notice of this filing will be sent by operation of the

Court's electronic filing system to all parties indicated on the electronic filing receipt.


/s/ Alexis Hawley
One of the Attorneys for Defendant Silver
Cross Hospital