IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fred Cartwright, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-06759 |
| | ) |
| Silver Cross Hospital and Medical | ) Hon. Judge John Robert Blakey |
| Centers and Crothall Healthcare, Inc. | ) |
| | ) Jury Trial Demanded |
| | ) Requests Media in Court Case |
| Defendants. | ) to be Televise |

PLAINTIFFS' MOTION RESPONSE TO JUDGES' RULING OF THE
TERMINTION OF THE CIVIL CASE AND THE REQUEST
FOR REINSTATEMENT OF THE CASE

Pro Se Plaintiff, Fred Cartwright ("Plaintiff"), submits this reply to Defendants', Silver Cross Hospital and Medical Centers ("Silver Cross") and ("Defendants"), Crothall Healthcare Inc. ("Crothall") and ("Defendants") and to the U.S. District Court for the Northern District of Illinois Eastern Division, PLAINTIFFS' MOTION RESPONSE TO JUDGES' RULING OF THE TERMINATION OF CIVIL CASE AND THE REQUEST FOR REINSTATEMENT OF THE CASE.

Plaintiff would first like to point out that he, The Plaintiff, has never in this case completely ignored The Judge's or Court's Orders. Plaintiff has filed for continuances, explained why couldn't appear, or even called Clerk to explain

1

situation. Judge states this is common for Plaintiff to ignore orders. However, It is not common for Plaintiff to ignore orders. It is common for Plaintiff to object and argue his point but has NEVER completely ignored the court purposely.

Plaintiff did not ignore the Judge's Courts Order sent on June 24, 2019 to appear for the June 25, 2019 and June 26, 2019 deposition as Plaintiff explains in further detail. Plaintiff again didn't ignore the Court's Orders and did not properly seek a good faith continuance, because the Plaintiff never reviewed the Judge's June 24, 2019 Docket text {235} sent at 2:15pm on that day because the Plaintiff did not see the Docket Text. The Plaintiff only reviewed the Judge's Docket Text {236} sent at 4:31pm after the 2:15pm Text and the Plaintiff was excited that he was granted his oral motion to file his status report on or before June 25, 2019 because Plaintiff was still engaged in preparing the status report. When the Plaintiff opened up the electronic filing, the transactions of Docket Text {236} appeared and the Plaintiff was very tired and excited about what he was view and never viewed the above transaction Docket Text {235} to open it, due to the Plaintiff's weariness and extreme excitement the Docket Text {235} was never seen nor opened at that time. The Plaintiff only became aware of the Docket Text {235}, after Judge Blakey entered his transaction Docket Text {238} on June 25, 2019 at 4:14pm dismissing and terminating Plaintiff Civil Case and the Plaintiff was in shock and wondering what was going on and thought Judge Blakey was upset about the Plaintiff's status report

and exhibits etc. The Plaintiff just woke up about 30 minutes or so, just to see if he received any transactions Docket Text from the Court and Judge Blakey regarding the status report etc. and became very ill and was feeling retaliated against all over again. The Plaintiff began frantically intensely trying to find the transaction Docket Text {235} that Judge Blakey was referring to in his Docket Text {238} for the Plaintiff to view. The Plaintiff frantically searched for Docket Text {235} and still overlooked the {235} Docket Text a few times again and was only viewed the Defendants Notice to appear for deposition and was out of my mind believing that was what Judge Blakey was referring to and The Plaintiff was thinking about what the Defendants Counsels was telling the Plaintiff due their conversation on June 7, 2019 and at that time the Plaintiff was telling the Defendants that, the Plaintiff had already followed the Courts Order to be deposed for deposition and the Court, Judge Blakey and the Defendants forced the Plaintiff to appear at the March 22, 2019, April 23, 2019 and April 24, 2019 depositions through threats of dismissing Plaintiff's Case, despite numerous of warranting from the Plaintiff regarding his mental illnesses etc. and the Plaintiff's being under Doctors, Psychiatrist and Counselors care with Doctors Orders. Plaintiff abided the Courts, Judge Blakey's and the Defendant's threatening orders and risk his life three times appearing for the Defendants depositions and Defendants are now still complaining that the Plaintiff did not answer the Defendants questions, due to the Plaintiff's mental state, physical conditions and

because of that lack of memory, so they should have another shot to depose the Plaintiff for deposition despite the Plaintiff stating his physical condition is still ongoing and worsened. The Plaintiff feels by being forced the three times, the Defendants lost their golden opportunity by defaulted of not applying to the Plaintiff's Doctors Orders etc. and should have rescheduled the deposition until the Doctors, Psychiatrist and the Counselors evaluations has finalize for the Court, Judge Blakey and the Defendants viewing. The Plaintiff still would like to be depose for deposition because the Plaintiff has nothing to fear, as long as the Plaintiff be provided the opportunity to be cared for with treatments from his Doctor, Psychiatrist and Counselors and that way the Plaintiff as for the Court, Judge Blakey and the Defendants to reschedule or delay this Case for 90 days and not absorb any unnecessary costs and still get their deposition.

    Back to the Plaintiff search for the Courts Orders for Plaintiff to appear for deposition on June 25, 2019. The Plaintiff were thinking about the Defendants Notice to appear for deposition and continue to overlook the other Docket Text {235} and seeing Docket Text {236] and then the Plaintiff took a break to relax. The Plaintiff once again continued search and finally opened up the June 24, 2019 Court Order Docket Text {235} and the Plaintiff became more ill once again by view the Text {235} in astonishment that the Court really did Order the Plaintiff to appear for a

4

deposition the next day June 25, 2019, less then 24 hours way from the time Transaction Court Order Docket Text {235} was sent.

Plaintiff was in shock and could not breathe for a minute and had to lay down. After a while, the Plaintiff felt that if he would have known about the Courts Order, he would have filed to seek a good faith continuance as same as in the past. Due to the Plaintiff deadline to have his status report done and submitted June 25, 2019 and had stayed up all day Monday and Monday night June 24, 2019 until the time the status report was sent at 1:01pm Tuesday June 25, 2019.

Plaintiff also believes the Courts Orders was ill-advised and should have allowed the Plaintiff enough time to appear for a deposition and the Plaintiff was given less than 24 hours to do so. While the Plaintiff was under a deadline to have the status report done and sent the same day of the deposition and the time frame of the deposition being sent or submitted is the same reason why the Plaintiff should have not been Ordered for deposition the next day. Due to everything that has transpired such as, the Plaintiff health issues and time frame of deadline, the Plaintiff believes the deposition Court Orders should not have been issued at that time the Court had just granted less than 24 hours before the deposition.

Respectfully, the Plaintiff would not have appeared for the depositions, because the Plaintiff was not able to appear for the reasons stated above. Plaintiff states his apologies to the Court, Judge Blakey and the Defendants for the Plaintiff

5

honest mistake of not realizing the Courts Order while enduring significant stress, anxiety and no sleep etc. and trying to complete and trying to finish up the status report the same day before or by the deadline on the days of deposition. As everyone knows, the Plaintiff would have filed a good faith continuous the same as in the past Court Orders due to the Plaintiff situations and issues etc. The Plaintiff spoke about the deposition that the Defendants wanted during our phone conversation and the Plaintiff thought that is what Judge Blakey was talking about. The Plaintiff never intends to allow for the Defendants to endure extra unfair costs of coming to Chicago, only if the Plaintiff knew of such mistake was being made, the Plaintiff would have definitely have filed a good faith continuous motion.

  The Plaintiff at this time ask the Court to reinstate the Plaintiff's Civil Case for the Plaintiffs sincere and truthful explanation of the course of events that has taken place.

  Plaintiff also ask the Court for a continuous for 90 days for the Plaintiff to undergo continuous treatments from Plaintiff's Doctor, Psychiatrist and Counselors to be provided a complete evaluation and/or for the Plaintiff health and physical to be improved enough to complete his depositions and the 90 days continuous would not cause the Court, the Judge or the Defendants any unjust costs or inconvenience. Plaintiff had to relax to prepare this Motion and it took some time.

Exhibit A – Docket Text and Gmail of dates and times of incidents.

Exhibit B – This is the Plaintiff first (uncorrected with mistakes or proof read) status report Plaintiff was preparing at time the Docket Text was viewed (already inview), until Plaintiff was reminded again of (5 pages) in the June 24, 2019 Docket Text granting the Plaintiff's oral motion.

Exhibit C – Screenshot of Plaintiff's view of his Gmail account. This is Plaintiff's first view when opening his Gmail. As seen in the green square, I see the docket text about granting Plaintiff's oral motion.  Plaintiff did not notice the Top red box due to his excitement of the granted motion, The unnoticed Red box was never clicked and opened to view. Therefore Plaintiff didn't know about his required appearance for depositions.

Exhibit D – Screenshot of Plaintiff's view after Clicking on the red box. Once again this text of my required appearance was not viewed UNTIL Plaintiff clicked on red box after the Judge dismissed case due to Judge believing Plaintiff was purposely ignoring Judge's Court Order to appear for deposition.


**DATED**: June 26, 2019                                                                                  **Respectfully Submitted,**

                                                                                                          **/s/ Fred Cartwright**


Pro Se Plaintiff, Fred Cartwright
507 East Cass Street
Joliet, Illinois 60432
Telephone: (815) 582-3116
Fredcart64@gmail.com

CERTIFICATE OF SERVICE

The undersigned Plaintiff, Fred Cartwright, Pro Se Party hereby certifies that on June 26, 2019, he caused the foregoing PLAINTIFFS' MOTION RESPONSE TO JUDGES' RULING OF THE TERMINATION OF CIVIL CASE AND THE REQUEST FOR REINSTATEMENT OF THE CASE for this Case, TO SILVER CROSS HOSPITAL AND MEDICAL CENTERS AND CROTHALL HEALTHCARE, INC.'S Requests to Defendants' Silver Cross Hospital and Medical Centers and Crothall Healthcare, Inc., and to the U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION, to be filed electronically via the Northern District of Illinois's electronic filing system, and due to Plaintiff's financial difficulties a copy of the same to be served on the Defendants' by emails mrmartin@seyfarth.com , kmendez@seyfarth.com ,

Kelly.patton@bakermckenzie.com , william.dugan@bakermckenzie.com

Arthur.Rooney@bakermckenzie.com on the parties listed below:

| | |
|---|---|
| Kelly Patton | Misty R. Martin |
| BAKER & McKENZIE LLP | SEYFARTH SHAW LLP |
| 300 East Randolph Street, Suite 5000 | 233 S. Wacker Drive, Suite 8000 |
| Chicago, IL 60601 | Chicago, IL 60606-6448 |
| Direct: (312) 861-2839 | Direct: (312) 460-6529 |
| Kelly.patton@bakermckenzie.com | Mobile: (312) 550-1811 |
| | mrmartin@seyfarth.com |
| | www.seyfarth.com |
| | |
| William Dugan A/K/A Bill Dugan | Katherine Mendez |
| BAKER & McKENZIE LLP | SEYFARTH SHAW LLP |
| 300 East Randolph Street, Suite 5000 | 233 S. Wacker Drive, Suite 8000 |
| Chicago, IL 60601 | Chicago, IL 60606-6448 |
| Direct: (312) 861-4208 | Direct: (312) 460-5215 |

kmendez@seyfarth.com

william.dugan@bakermckenzie.com

Arthur James Rooney
Baker & Mckenzie LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601
Arthur.Rooney@bakermckenzie.com

| | |
|---|---|
| **DATED**: June 26, 2019 | **Respectfully Submitted,** |
| | **/s/ Fred Cartwright** |

Pro Se Plaintiff, Fred Cartwright
507 East Cass Street
Joliet, Illinois 60432
Telephone: (815) 582-3116

Fredcart64@gmail.com